## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BRANDON BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:19-cv-924-MHT** |
| **OFFICER JUSTIN MCCLAIN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

COMES NOW Defendant, Officer Burrell Freeman, by and through undersigned counsel, and files his answer to the Plaintiff's Complaint. In doing so, Defendant does not waive any defenses to the Plaintiff's claims, nor does Defendant waive any recourse to seek relief through appellate proceedings. Additionally, Defendant reserves the right to amend his answer as additional evidence may be discovered during litigation.

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

## NATURE OF SUIT

1.     Defendant acknowledges that the Complaint contains the allegations, but otherwise the allegations of paragraph 1 are denied and Defendant demands strict proof thereof.

## PARTIES, JURISDICTION, AND VENUE

2.     Acknowledged that Plaintiff Brandon Brooks is a citizen and resident of the State of Alabama upon information and belief.

3.     Admitted only with respect that Defendant Justin McClain is employed by the Alabama Department of Corrections ("ADOC") as a corrections officer. As to the remaining allegations in paragraph 3, Defendant denies the same and demands strict proof thereof.

4.     Admitted only with respect that Defendant Burrell Freeman is employed by ADOC as a corrections officer. As to the remaining allegations in paragraph 4, Defendant denies the same and demands strict proof thereof.

5.     Admitted only with respect that Defendant Murphy Davis is employed by ADOC as a correction officer. As to the remaining allegations in paragraph 5, Defendant denies the same and demands strict proof thereof.

6.     Acknowledged.

7.     Acknowledged.

8.     Acknowledged that the Plaintiff is contending that jurisdiction is appropriate based on law asserted in the Complaint.

9.     Acknowledged that the Plaintiff is contending that venue is appropriate based on law asserted in the Complaint.

10.     Denied.

11.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 11 and demands strict proof thereof.

12.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

13.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 13 and demands strict proof thereof.

## FACTUAL ALLEGATIONS

A.    Denied as to the allegations as set forth in paragraph A and strict proof thereof is demanded.

14.    Admitted.

15.    Admitted.

16.    Denied as to the allegations as set forth in paragraph 16 and strict proof thereof is demanded.

17.    Denied as to the allegations as set forth in paragraph 17 and strict proof thereof is demanded.

18.    Denied as to the allegations as set forth in paragraph 18 and strict proof thereof is demanded.

19.    Denied as to the allegations as set forth in paragraph 19 and strict proof thereof is demanded.

20.    Denied as to the allegations as set forth in paragraph 20 and strict proof thereof is demanded.

21.    Denied as to the allegations as set forth in paragraph 21 and strict proof thereof is demanded.

22.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 22 and demands strict proof thereof.

23.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 23 and demands strict proof thereof.

24.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 24 and demands strict proof thereof.

25.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 25 and demands strict proof thereof.

B.    Denied as to the allegations as set forth in paragraph B and strict proof thereof is demanded.

26.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 26 and demands strict proof thereof.

27.    Denied as to the allegations as set forth in paragraph 27 and strict proof thereof is demanded.

28.    Denied as to the allegations as set forth in paragraph 28 and strict proof thereof is demanded.

29.    Denied as to the allegations as set forth in paragraph 29 and strict proof thereof is demanded.

30.    Denied as to the allegations as set forth in paragraph 30 and strict proof thereof is demanded.

31.    Denied as to the allegations as set forth in paragraph 31 and subparts a., b. and c. and strict proof thereof is demanded.

32.    Denied as to the allegations as set forth in paragraph 32 and strict proof thereof is demanded.

33.    Denied as to the allegations as set forth in paragraph 33 and strict proof thereof is demanded.

34.    Denied as to the allegations as set forth in paragraph 34 and strict proof thereof is demanded.

35.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 35 and demands strict proof thereof.

36.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 36 and demands strict proof thereof.

37.     Denied as to the allegations as set forth in paragraph 37 and strict proof thereof is demanded.

38.     Denied as to the allegations as set forth in paragraph 38 and strict proof thereof is demanded.

39.     Denied as to the allegations as set forth in paragraph 39 and strict proof thereof is demanded.

40.     Denied as to the allegations as set forth in paragraph 40 and strict proof thereof is demanded.

C.     Denied as to the allegations as set forth in paragraph C and strict proof thereof is demanded.

41.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 41 and demands strict proof thereof.

42.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 42 and demands strict proof thereof.

43.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 43 and demands strict proof thereof.

44.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 44 and demands strict proof thereof.

45.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 45 and demands strict proof thereof.

46.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 46 and demands strict proof thereof.

47.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 47 and demands strict proof thereof.

48.     Defendants does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 48 and demands strict proof thereof.

49.     Defendants does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 49 and demands strict proof thereof.

50.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 50 and demands strict proof thereof.

51.     Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 51 and demands strict proof thereof

**COUNT I**
**42 U.S.C. § 1983 Excessive Force in Violation of the Eighth Amendment**
**Direct Liability against CO McClain and CO Freeman**

52.     Denied as to the allegations as set forth in paragraph 52  and strict proof thereof is demanded.

53.      Denied as to the allegations as set forth in paragraph 53 and strict proof thereof is demanded.

54.     Denied as to the allegations as set forth in paragraph 54 and strict proof thereof is demanded.

55.     Denied as to the allegations as set forth in paragraph 55 and strict proof thereof is demanded.

56.     Denied as to the allegations as set forth in paragraph 56 and strict proof thereof is demanded.

57.     Denied as to the allegations as set forth in paragraph 57 and strict proof thereof is demanded.

58.     Denied as to the allegations as set forth in paragraph 58 and strict proof thereof is demanded.

59.     Denied as to the allegations as set forth in paragraph 59 and strict proof thereof is demanded.

60.     Denied as to the allegations as set forth in paragraph 60 and strict proof thereof is demanded.

61.     Denied as to the allegations as set forth in paragraph 61 and strict proof thereof is demanded.

62.     Denied as to the allegations as set forth in paragraph 62 and strict proof thereof is demanded.

63.     Denied as to the allegations as set forth in paragraph 63 and strict proof thereof is demanded.

64.     Denied as to the allegations as set forth in paragraph 64 and strict proof thereof is demanded.

65.     Acknowledged that Plaintiff is demanding a trial by jury.

## COUNT II
### 42 U.S.C. § 1983 Excessive Force in Violation of the Eighth Amendment Supervisory Liability against SGT Murphy

66.     Defendant acknowledges that the Complaint contains the allegations, but otherwise the allegations of paragraph 66 are denied and Defendant demands strict proof thereof.

67.     Denied as to the allegations as set forth in paragraph 67 and strict proof thereof is demanded.

68.     Denied as to the allegations as set forth in paragraph 68 and strict proof thereof is demanded.

69.     Denied as to the allegations as set forth in paragraph 69 and strict proof thereof is demanded.

70.     Denied as to the allegations as set forth in paragraph 70 and strict proof thereof is demanded.

71.     Denied as to the allegations as set forth in paragraph 71 and strict proof thereof is demanded.

72.     Denied as to the allegations as set forth in paragraph 72 and strict proof thereof is demanded.

73.     Denied as to the allegations as set forth in paragraph 73 and strict proof thereof is demanded.

74.     Acknowledged that Plaintiff is demanding a trial by jury.

**Count III**
**Deliberate Indifference to Serious Medical Needs**
**Against CO McClain and CO Freeman**

75.     Defendant acknowledges that the Complaint contains the allegations, but otherwise the allegations of paragraph 75 are denied and Defendant demands strict proof thereof.

76.     Denied as to the allegations as set forth in paragraph 76 and strict proof thereof is demanded.

77.     Denied as to the allegations as set forth in paragraph 77 and strict proof thereof is demanded.

78.    Denied as to the allegations as set forth in paragraph 78 and strict proof thereof is demanded.

79.    Denied as to the allegations as set forth in paragraph 79 and strict proof thereof is demanded.

80.    Denied as to the allegations as set forth in paragraph 80 and strict proof thereof is demanded.

81.    Denied as to the allegations as set forth in paragraph 81 and strict proof thereof is demanded.

82.    Denied as to the allegations as set forth in paragraph 82 and strict proof thereof is demanded.

83.    Acknowledged that Plaintiff is demanding a trial by jury.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Court lacks jurisdiction over the persons involved in this action.

3.    The Court lacks jurisdiction over the subject matter of this action.

4.    The Complaint fails to plead the substance of a bona fide justiciable controversy; moreover, no controversy of a justiciable character exists between the parties.

5.    Defendant asserts judicial immunity.

6.      Defendants asserts qualified immunity.

7.      Defendant asserts sovereign immunity.

8.      Defendant asserts state-agent immunity.

9.      Defendant asserts functional discretionary immunity.

10.     Defendant asserts estoppel.

11.     Defendant asserts laches.

12.     Defendant asserts release.

13.     Defendant asserts waiver.

14.     Defendant generally denies that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint filed in the above-styled action.

15.     Plaintiff is generally not entitled to a declaratory judgment or any other relief requested.

16.     To the extent that any of the foregoing allegations in the Plaintiff's Complaint have not been admitted or denied, they are hereby denied.

17.     The Defendant reserves the right to assert additional defenses as this action progresses.

The Defendant further reserves the right to amend his Answer.

Respectfully submitted,

Steve Marshall
Attorney General
By:

/s/ *Madeline H. Lewis*
Madeline H. Lewis (HIN032)
Assistant Attorney General
Counsel for Defendant Freeman

ADDRESS OF COUNSEL:

General Civil and Administrative Law Division
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-0152
Office: (334) 242-7300
Email: Madeline.Lewis@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the foregoing Answer with the Clerk of the Court, using the Court's CM/ECF electronic filing system which will notify all counsel for record.

 /s/Madeline H. Lewis
OF COUNSEL