IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| BRANDON BROOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:19-CV-924-MHT-WC |
| OFFICER JUSTIN MCCLAIN, et al., | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

Upon consideration of the Joint Motion Requesting Entry of Protective Order (Doc. 41) and for good cause shown, it is hereby

ORDERED that the motion is GRANTED and that the parties and all interested non-parties shall be governed as follows:

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, it is ORDERED:

1. **Scope of Order.** This Order governs the handling of all documents and personal identification information produced and testimony given by the parties and designated as "confidential" under this Order.

2. **Scope of Documents Subject to Being Designated Confidential**. Any party may designate as "confidential" any document and personal information contained therein produced in this action, including but not limited to any answer to interrogatories

or other discovery requests in this action and/or any information contained therein and/or any portion of any deposition (including exhibits) that contain any confidential, proprietary, personal, or other information deemed sensitive by the Alabama Department of Corrections (ADOC) for security purposes. For purposes of this Order, the term "document" and/or "documents" means all written, recorded, graphic material, and/or any information contained therein whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. However, counsel agree that they will be both reasonable and restrictive in designating the above referenced information and material as "confidential."

2(a). **Non-Disclosure of Personal Data Including Social Security Numbers, Date of Birth, Addresses, Phone Numbers and Family Members.** Plaintiff's counsel understands and agrees that the above-referenced personal data, including and relating to social security numbers, dates of birth, addresses, phone numbers, and family members of DOC and former DOC employees, are at all times deemed confidential and shall not under any circumstances (regardless of whether or not it has the words "confidential information" written, stamped, typed, and/or copied on it) be disclosed in any shape, fashion, or form to his client Brandon Brooks or anyone affiliated with Brandon Brooks, including but not limited to Brandon Brooks' family, friends, witnesses, and/or health care and/or mental health care providers. Plaintiff's counsel further understands and agrees that any documents containing said confidential information must be filed under seal and/or redacted.

3. **Non-disclosure of Personal Information and Documents Designated as Confidential.** No information and/or document designated as confidential may be disclosed to any person except as hereinafter provided under this Order and/or with the prior written consent of the party or person originally designating said information and/or document as confidential.

4. **Designation of Documents as Confidential.** Parties may designate information and/or materials as "confidential information" by either of the following methods:

   a. By writing, typing, copying, or stamping the word "confidential information" on the face of any materials upon their initial production to the opposing party in a way that brings it to the attention of a reasonable examiner that the information designated therein is confidential.

   b. By statement on the record in a deposition that the material is designated as "confidential information" and by following up with written notice specifically designating by page, line, and paragraph the testimony that is contended to be confidential and the grounds for the same.

5. **Permissible Disclosures.** Except for paragraph 2(a) above, which sets out the disclosure restrictions related to personal information relating to DOC and Former DOC employees, information and/or documents designated as confidential information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, private investigators, assistants, coworkers, and/or employees of such an attorney to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the documents and/or the confidential information contained therein; and/or

to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

    a. to persons noticed for depositions or designated as trial witnesses to the extent counsel in good faith believes said disclosure is reasonably necessary to prepare them to testify (*so long as personal data such as social security numbers, date of birth, telephone numbers, mailing address, and street addresses have been redacted*); and/or to outside consultants or experts retained for the purpose of assisting counsel in the litigation, provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing the following:

        (1) a recital that the signatory has received a copy of the protective/confidentiality order and understands, among other things, the restrictions contained therein relating to information and/or documents labeled confidential.

    b. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

6. **Inadvertent Disclosure**. If materials are produced containing information which, in a party's opinion, should have been but were not designated as "confidential information," such party may designate such materials and/or information as "confidential information" by notifying counsel for all parties of this designation in writing and by re-submitting as soon as possible a copy of the material in question designated as "confidential information" pursuant to paragraph 4 above to counsel for all parties. Upon receipt of such notification, the parties will hereinafter treat the materials and/or information as "confidential" and henceforth only utilize the newly marked documents, and/or information contained therein.

7. **Declassification.** If a party should object to the designation of material as "confidential information," that party shall give written notice of such objection to the other party. Counsel shall then in good faith attempt to confer to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling as to whether such information, document, and/or category of documents in question are entitled to confidential status and protection.

8. **Confidential Information in Depositions.** A deponent may, during the deposition, be shown and examined about information and/or documents designated as confidential so long as personal data identified in paragraph 2(a) above and including but not limited to data such as social security numbers, dates of birth, addresses, and telephone numbers have been redacted. Deponents shall not retain and/or copy portions of the transcript of their depositions that contain confidential information not specifically relating to them and/or provided by them or the entities they represent unless they sign the form prescribed in 5(a)(1). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about the information and/or documents designated as confidential.

9. **Confidential Information at Trial.** Except for paragraph 9c below, if information and/or material designated as "confidential" is later introduced into evidence or considered by the Court, the party who originally produced and labeled the information and/or documents confidential may seek an instruction whereby the Court will inform the jury:

a. To disregard the marking "confidential information" on the document; and

b. That the fact that any information and/or documents has been labeled as "confidential information" should not be viewed or inferred as having any special significance, meaning, or bearing on the issues presented for deliberation.

c. However, any party may move the Court for an order that information and/or documents designated as confidential information be received in camera, under seal, and/or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

d. Any other party may object to said instruction or seek a different instruction with regard to the information and/or material designated as "confidential."

10. **Filed Under Seal**. Information and/or documents designated as confidential information need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as documents designated as confidential.

11. **Termination of Representation**. If the attorney(s) for either party cease to represent their client before the conclusion of this matter, the file will be returned to the client except those documents labeled "confidential." Confidential documents will be filed under seal with the Court. The Court will determine which documents the former client may have access to and the extent to which those documents should be redacted to protect sensitive information.

12. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying on examination of information and/or documents designated as confidential information, provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not under any circumstances disclose any material and/or information designated as confidential in any item referenced in paragraph 2(a); nor shall counsel disclose the information in any item specifically designated as confidential information except pursuant to the procedures of paragraph 5(a)(1).

13. **Use Restricted to this Litigation.** Persons obtaining access to information and/or documents designated as confidential under this Order shall use the information *only* for this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, and/or other proceeding including but not limited to judicial proceedings.

14. **Contempt of Court.** It is understood and agreed that any unauthorized disclosure of information and/or documents designated as confidential under this Order is in violation of this Court Order and subject to contempt proceedings and resulting penalties imposed by the Court.

15. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

16. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of,

access to, and distribution of confidential information and/or copies of documents designated as confidential information. Parties shall not duplicate any documents containing confidential personal information and/or designated as confidential information except working copies and for filing in Court under seal.

17. **Admissibility of Evidence in Court**. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in court, except as directed by separate order entered for good cause shown.

Done this 15th day of July, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE